IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderick English, | ) | C/A No.: 1:13-2793-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ms. Andrews, RN; Jane Wrecsis, Health Manager; Mr. Parker, Warden; John B. Mcree; Vera Courson, RN; William R. Byars Jr.; and Nurse Cebags, | ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Roderick English, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at McCormick Correctional Institution ("MCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues the following SCDC employees: Nurse Andrews, Health Manager Wrecsis, Warden Parker, Mr. Mcree, Nurse Courson, Mr. Byars, and Nurse Sebag[1] ("Defendants").

This matter comes before the court on Plaintiff's (1) motion to check Defendants' documentation for errors [Entry #69]; (2) motion to appoint counsel [Entry #73]; (3) motion to transfer to jury[2] roster [Entry #74]; and (4) motion for settlement [Entry #94]. The motions having been fully briefed, they are ripe for disposition. [Entry #71, #75, #76,

---

[1] Sebag's court filings indicate that Sebag is the correct spelling of her name. [Entry #40].
[2] The Clerk's office docketed Plaintiff's motion as a "motion to transfer to sewerly roster," but Plaintiff's reply indicated he had intended to say "jewerly" instead of "sewerly." [Entry #79]. The court liberally construes Plaintiff's pro se motion entitled "motion to transfer to jewerly roster" as requesting the court to schedule a jury trial.

#77, #78, #79, #81, #82, #96, #98, #99]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.      Motion to Check Defendants' Documentation for Errors

Plaintiff asks the court to check Defendants' documentation for errors and argues that Defendants' contention that he did not bring his case into proper form before the deadline is incorrect because "the court [accepted] the case to be heard for a schedule." [Entry #69]. It is unclear what relief Plaintiff requests in his motion and it appears that this motion is more appropriately construed as a response in opposition to Sebag's motion to dismiss. [Entry #40]. The court will consider Plaintiff's arguments when ruling on Sebag's motion. The court denies Plaintiff's motion to check Defendants' documentation for errors.

II.     Motion to Appoint Counsel

Plaintiff asks the court to appoint him counsel, alleging that he needs the assistance of counsel to help him pursue his medical malpractice case against Defendants. [Entry #73]. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

After a review of the file, this court has determined that there are no exceptional or

2

unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, the court denies Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1).

III.    Motion to Transfer to Jury Roster

Plaintiff's motion to transfer to the jury roster summarizes his medical negligence claim, but does not request any relief. [Entry #74]. To the extent Plaintiff requests the court schedule a jury trial, his motion is premature, as the court has not yet ruled on Defendants' dispositive motions. Accordingly, the court denies Plaintiff's motion to transfer to jury roster.

IV.    Motion for Settlement

In his motion for settlement, Plaintiff states that he would like to settle his case for $25,000 and access to better medical treatment. [Entry #94]. Defendants responded, declining to settle this matter. [Entry #98]. The court does not ordinarily get involved in settlement negotiations and does not force parties to settle cases. The court denies Plaintiff's motion for settlement.

V.	Conclusion

For the foregoing reasons, the court denies (1) Plaintiff's motion to check Defendants' documentation for errors [Entry #69]; (2) Plaintiff's motion to appoint counsel [Entry #73]; (3) Plaintiff's motion to transfer to jury roster [Entry #74]; and (4) Plaintiff's motion for settlement [Entry #94].

IT IS SO ORDERED.

July 3, 2014                                                                        Shiva V. Hodges
Columbia, South Carolina                                            United States Magistrate Judge