IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick English, | C/A No.: 1:13-2793-JFA-SVH |
|                Plaintiff, | |
| vs. | |
| Ms. Andrews, RN; Jane Wrecsis, Health Manager; Mr. Parker, Warden; John B. Mcree; Vera Courson, RN; William R. Byars Jr.; and Nurse Cebags, | REPORT AND RECOMMENDATION |
|                Defendants. | |

Plaintiff Roderick English, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at McCormick Correctional Institution ("MCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues the following SCDC employees: Nurse Andrews, Health Manager Wrecsis, Warden Parker, Mr. Mcree, Nurse Courson, Mr. Byars, and Nurse Sebag[1] ("Defendants").

This matter comes before the court on Plaintiff's motion for default judgment [Entry# 37] and the following motions for injunctive relief: (1) Plaintiff's motion for lab testing [Entry #35]; (2) Plaintiff's motion to change sick call schedule [Entry #36]; (3) Plaintiff's motions for court to review SCDC medical policies [Entry #38, #39]; (4) Plaintiff's motion to subpoena warrants [Entry #57]; (5) Plaintiff's motion to have pictures taken of his leg [Entry #95]; and (6) Plaintiff's motion to be seen by a bone

---

[1] Sebag's court filings indicate that Sebag is the correct spelling of her name. [Entry #40].

specialist [Entry # 97]. These motions having been fully briefed, they are ripe for disposition. [Entry #42, #43, #44, #45, #46, #54, #55, #56, #59, #60, #62, #65, #68, #100, #101, #102].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for the district judge's consideration.

I.     Motion for Default Judgment

In his motion for default judgment, Plaintiff argues that Defendants have had enough time to file an answer and have moved for an extension of time to cover up mistreatment. [Entry #37]. Defendants were served with the complaint on January 10, 2014. [Entry #29]. On January 21, 2014, the court granted Defendants an extension until February 19, 2014, to file an answer or otherwise respond to Plaintiff's complaint. [Entry #27]. On February 14, 2014, Sebag filed and served a motion to dismiss Plaintiff's complaint. [Entry#40]. Andrews, Wrecsis, Parker, Mcree, Courson, and Byars filed and served their answer on February 17, 2014. [Entry #40, #41]. Therefore, Defendants timely filed their responsive pleadings, and the undersigned recommends Plaintiff's motion for default judgment [Entry #37] be denied.

II.    Motions for Injunctive Relief

A party seeking injunctive relief must establish the following four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is

in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

      Plaintiff asks the court to order: (a) lab testing for a cracked elbow and a shotgun blast injury [Entry #35]; (b) an investigation into changes in the medical schedule that require an inmate to sign up for sick call three times before being seen by medical personnel [Entry #36]; (c) a review of the SCDC policy that states that it will not pay for his surgery, arguing that SCDC policy provides that surgery should be scheduled, and after the surgery has been completed, the costs should be billed to the inmate's Cooper Trust Fund account [Entry #38, #39]; (d) service of subpoenas on each defendant in this

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

3

matter and "a post order in this case compensation damage." [Entry #57]; (e) pictures of his leg [Entry #95]; and (f) treatment from a bone specialist [Entry #97].

First, Plaintiff has not demonstrated a clear likelihood of success on the merits. Although Plaintiff makes serious allegations regarding his health, he has not supported the factual allegations in his motions with any evidentiary support, such as medical records or affidavits from doctors indicating the need for the requested testing or surgical procedures. Plaintiff impermissibly relies on conclusory allegations to support his request for an injunction. *Brisbane v. Ozmint,* No. 4:09–2347–HMH–TER, 2010 WL 1856415, at *4 (D.S.C. Apr. 20, 2010) (finding that bald conclusory allegations are insufficient to justify injunctive relief). Plaintiff also fails to provide any evidence that he will suffer irreparable harm if an injunction is not issued.

Additionally, Plaintiff has not shown that the balance of equities tips in his favor. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Plaintiff has also failed to show that an injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' policies where the record contains only Plaintiff's allegations and no evidence. Therefore, the undersigned recommends that Plaintiff's motions for preliminary injunction [Entry #35, #36, #38, #39, #57, #95, #97] be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court deny Plaintiff's motion for default judgment [Entry #37] and the following motions for injunctive relief: (1) Plaintiff's motion for lab testing [Entry #35]; (2) Plaintiff's motion to change sick call schedule [Entry #36]; (3) Plaintiff's motions for court to review SCDC medical policies [Entry #38, #39]; (4) Plaintiff's motion to subpoena warrants [Entry #57]; Plaintiff's motion to have pictures taken of his leg [Entry #95]; and Plaintiff's motion to be seen by a bone specialist [Entry #97].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 3, 2014                                                    Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).