IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick English,                    ) | C/A No.: 1:13-2793-JFA-SVH |
| )  | |
| Plaintiff,           ) | |
| )  | |
| vs.                                     ) | |
| )  | |
| Ms. Andrews, RN; Jane Wrecsis, Health   ) | ORDER |
| Manager; Mr. Parker, Warden; John B.    ) | |
| Mcree; Vera Courson, RN; William R.     ) | |
| Byars Jr.; and Nurse Cebags,            ) | |
| )  | |
| Defendants.       ) | |
| )  | |

Plaintiff Roderick English, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at McCormick Correctional Institution (MCI) in the custody of the South Carolina Department of Corrections (SCDC). Plaintiff sues the following defendants: Nurse Andrews, Health Manager Wrecsis, Warden Parker, Mr. Mcree, Nurse Courson, Mr. Byars, and Nurse Sebag.[1]

This matter comes before the court on Sebag's motion to dismiss Plaintiff's complaint against her. (ECF No. 40). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Sebag's motion. (ECF No. 48). This motion having been fully briefed, it is ripe for disposition. (ECF Nos. 58, 67).

---

[1] The court filings indicate that Sebag is the correct spelling of her name. (ECF No. 40).

I.      Factual Background

Plaintiff's complaint concerns the medical attention he received at MCI related to an injury to his left thigh. Sebag is not referenced in the complaint except that she is named in a list of defendants on the nearly identical first and second pages of the complaint. (ECF No. 1 at 1–2). Otherwise, the complaint is devoid of any reference to Sebag. Sebag argues the complaint fails to state a claim against her upon which relief can be granted.

II.     Discussion

A.      Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the

2

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Iqbal*, 556 U.S. at 677–78; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Here, Plaintiff provides no factual allegations in the complaint that demonstrate a violation of his constitutional rights by Sebag. Plaintiff's response to Sebag's motion to dismiss fails to set forth any allegations indicating that Plaintiff could cure the deficiencies in his

complaint with an amendment. (ECF No. 58). Therefore, because Plaintiff fails to set forth a claim against Sebag upon which relief can be granted, the court grants Sebag's motion to dismiss.

III. Conclusion

For the foregoing reasons, the court grants Sebag's motion to dismiss. (ECF No. 40).

IT IS SO ORDERED.

September 8, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge