IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderick English, | ) | C/A No.: 1:13-2793-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ms. Andrews, RN; Jane Wrecsis, Health Manager; Mr. Parker, Warden; John B. Mcree; Vera Courson, RN; and William R. Byars Jr., | ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Roderick English, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at McCormick Correctional Institution ("MCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues the following SCDC officials and employees: Nurse Andrews, Health Manager Wrecsis, Warden Parker, Mr. Mcree, Nurse Courson, and Mr. Byars ("Defendants").

This matter is before the court on Defendants' motion for summary judgment. [Entry #91]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #92]. This motion having been fully briefed [Entry #108, #117], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review

by the district judge. For the following reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #91] be granted.

I.      Factual Background

Plaintiff files the instant § 1983 complaint against Defendants for refusing to provide surgery and treatment for leg pain caused by an old gunshot wound. [Entry #1 at 5–6, 8]. Plaintiff believes that the "buckshots" in his leg could travel to another part of his body and endanger his life. *Id.* at 7. Plaintiff also complains of untreated numbness in his left arm and a denial of anxiety medication. *Id.* at 9. Plaintiff seeks injunctive relief and damages. *Id.* at 10.

II.     Discussion

A.      Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R.

Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Defendants argue, *inter alia*, that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). [Entry #91-1 at 3–8]. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff must avail himself of every level of available administrative review, *see Booth v. Churner*, 532 U.S. 731 (2001), and "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Defendants submitted the affidavit of Ann Hallman, SCDC Branch Chief for the Inmate Grievance Branch. [Entry #91-5]. According to Hallman, an inmate is first required to informally resolve his issue by submitting a Request to Staff. *Id.* at 2. If the inmate is dissatisfied with the response to his Request to Staff, the inmate may file a Step One grievance, attaching a copy of the answered Request to Staff. *Id.* If the inmate fails to attach the completed Request to Staff, the grievance will be returned as unprocessed. *Id.* The Step One grievance is investigated by an inmate grievance coordinator and a decision is issued by the warden. *Id.* If the inmate disagrees with the results of his Step One grievance, he can file a Step Two grievance. *Id.*

Hallman reviewed Plaintiff's grievance records and stated Plaintiff filed five Step One grievances in which he complained that he was receiving inadequate or improper medical care in relation to an old gunshot wound and pain in his elbow. [Entry #91-5 at 3–5]. Two of these grievances were returned to Plaintiff because he failed to attempt an informal resolution. [Entry #91-5 at 3; Entry #1-2 at 7–8]. Plaintiff was given additional time to refile these grievances, but he did not do so. [Entry #91-5 at 3]. Two of the grievances were returned unprocessed because they were untimely. [Entry #91-5 at 4–5;

4

Entry #1-2 at 9–10]. The last grievance was denied and Plaintiff was informed that he should file a Step Two grievance if he disagreed with the decision. [Entry #1-2 at 3–4]. Plaintiff did not file a Step Two grievance. [Entry #91-5 at 4].

Plaintiff does not dispute his failure to exhaust his administrative remedies. [Entry #108 at 1–2]. Instead, Plaintiff requests that the court grant him clemency and order his release. *Id*. Plaintiff argues that the pellets in his leg will start moving around, hit a main artery, and cause him to bleed to death. *Id.* at 1. Plaintiff claims that he needs to seek help "on the outside of the prison." *Id.* Because Plaintiff has not refuted Defendants' evidence that he failed to exhaust his administrative remedies, Defendants are entitled to summary judgment. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (finding that "prisoners must exhaust 'such administrative remedies as are available' prior to filing suit in federal court challenging prisoner conditions") (quoting 42 U.S.C. § 1997e(a)).

III.     Conclusion

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #91] be granted. If the district court accepts this recommendation, Plaintiff's pending motion for settlement [Entry #94] will be rendered moot.

IT IS SO RECOMMENDED.

October 6, 2014                         Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).