UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Roderick English, ) | Civil Action No.: 1:13-cv-2793-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Ms. Andrews, RN; Jane Wrecsis, Health ) | |
| Manager; Mr. Parker, Warden; John B. ) | |
| Mcree; Vera Courson, RN; William R. ) | |
| Byars, Jr.; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Roderick English, currently incarcerated at McCormick Correctional Institution in McCormick, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants acted with deliberate indifference to his serious medical needs. Pending before the Court is Defendants' [Docket Entry #91] motion for summary judgment. Also pending is: 1) Plaintiff's [Docket Entry #94] motion for settlement; 2) Plaintiff's [Docket Entry #130] motion for x-ray of injury; and 3) Plaintiff's [Docket Entry #131] motion to amend the complaint and remand case.

This matter is before the court with the Report and Recommendation [Docket Entry #125] of Magistrate Judge Shiva V. Hodges filed on October 6, 2014.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and the case dismissed based on Plaintiff's failure to exhaust administrative remedies. Although Plaintiff requested an extension of time to file Objections to the Report and Recommendation, which was granted, Plaintiff has not

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

filed any Objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommended granting summary judgment because Plaintiff failed to exhaust his administrative remedies. Plaintiff did not object to the Magistrate Judge's recommendation, nor did Plaintiff dispute his failure to exhaust administrative remedies in his opposition to Defendants' motion for summary judgment.

Title 42 U.S.C. § 1997e(a) requires a prisoner to exhaust administrative remedies before bringing an action with respect to prison conditions under § 1983. The exhaustion requirement is mandatory and courts have no discretion to waive the requirement. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 814 (D..S.C. 2008). "Even where exhaustion may be considered futile or inadequate, this requirement cannot be waived." *Johnson*, 567 F. Supp. 2d at 814. Additionally, exhaustion is required regardless of the relief sought. *Id*. As the United States Supreme Court has stated, "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

Because the exhaustion requirement is mandatory and this court has no discretion to waive exhaustion, Plaintiff's failure to properly complete the grievance procedure regarding the matters raised in his complaint is fatal to his claim. Additionally, because Plaintiff did not file Objections, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *See Camby*, 718 F.2d at 199. Based on a review of the entire record, the Court is satisfied that there is no clear error on the face of the record and accepts the recommendation of the Magistrate Judge. *See Diamond*, 416 F.3d at 315.

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. Accordingly, Defendants' [Docket Entry #91] motion for summary judgment is **GRANTED** and the Plaintiff's claims are dismissed without prejudice for failure to exhaust administrative remedies. In light of the dismissal of Plaintiff's claims for failure to exhaust administrative remedies, Plaintiff's [Docket Entry #94] motion for settlement, [Docket Entry #130]

motion for x-ray of injury, and [Docket Entry #131] motion to amend the complaint and remand case are **DENIED**.

    **IT IS SO ORDERED.**

Florence, South Carolina  
December 9, 2014

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge